# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| SPARROW HOSPITAL, | ) | No. 09 C 3239 |
| DR. MATTHEW ALLSWEDE, | ) | |
| DR. HARRY WISE, | ) | |
| DR. NANCY HERTA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued Sparrow Hospital, Dr. Matthew Allswede, Dr. Harry Wise and Dr. Nancy Herta for retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, defamation and intentional interference with prospective economic advantage. The case is now before the Court on defendants' motion to transfer venue under 28 U.S.C. §§ 1404(a), 1406(a), dismiss the complaint or compel arbitration. For the reasons provided herein, the Court grants the motion to transfer pursuant to 28 U.S.C. § 1404(a).

## Facts

Defendant Sparrow Hospital is located in Lansing, Michigan. (Compl. ¶ 5.) Powell participated in Sparrow Hospital's residency program from July 2003 until June 2008. (*Id.* ¶ 10.) During the relevant time period, Dr. Matthew Allswede was the program director of the residency program and Drs. Harry Wise and Nancy Herta were physicians at Sparrow Hospital who supervised and trained Powell. (*Id.* ¶ 7; Pl.'s Resp. 1.)

In December 2006, Powell applied for a position with Carle Clinic in Urbana, Illinois. (Compl. ¶ 11.) Powell asked Dr. Allswede to provide Carle Clinic with a job reference on her

behalf, and he provided an extremely positive one. (*Id.*) In June 2007, Carle Clinic offered, and Powell accepted, a physician position to begin upon the completion of her residency at Sparrow Hospital. (*Id.* ¶ 13.)

On February 6, 2007, Powell met with Sparrow's Human Resources Office. (*Id.* ¶ 12.) During her meeting, Powell filed a formal pregnancy and gender discrimination complaint against Drs. Allswede, Wise and Herta. (*Id.*)

In October 2008, Powell became aware that in May or June 2008, Drs. Allswede, Wise and Herta verbally conveyed negative and false information about Powell to Carle Clinic, which caused Carle Clinic to rescind its offer of employment. (*Id.* ¶¶ 15, 17.)

In addition, during her residency, Powell expressed an interest in obtaining employment at Swedish American Hospital in Rockford, Illinois. (*Id.* ¶ 18.) A recruiter from Swedish American Hospital informed Powell that she was not offered a position based on statements made by Dr. Allswede about Powell's performance. (*Id.*)

## Discussion

The parties disagree as to whether the Court has personal jurisdiction over the defendants. However, a finding of personal jurisdiction is not required to address a petition to transfer under 28 U.S.C. §§ 1404(a) or 1406(a). *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). Therefore, the Court addresses the motion to transfer first.

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). An action may be transferred under 28 U.S.C. § 1404(a) when: (1) "venue is proper in the transferor district," (2) "venue is proper in the transferee district," and (3) "the transfer is for the convenience of the parties and witnesses in the interest of justice." *Envtl.*

*Servs., Inc. v. Bell Lumber & Pole Co.*, 607 F. Supp. 851, 853 (N.D. Ill. 1984) (quotation omitted). The determination as to whether a transfer is appropriate is left to the sound discretion of the judge. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986). The moving party has the burden of establishing "that the transferee forum is clearly more convenient" based on the particular facts of the case. *Id.*

**A. Venue is Proper in the Transferor Court**

In all actions brought pursuant to Title VII, venue is determined pursuant to the statute's exclusive venue provision without consideration of 28 U.S.C. § 1391. *Gwin v. Reynolds & Reynolds Co.,* No. 01 C 770, 2001 WL 775969, at *1 (N.D. Ill. Jul. 10, 2001). Although Title VII has four venue provisions, the plaintiff need only establish that venue is proper under one of them. *McDonald v. Am. Fed'n of Musicians*, 308 F. Supp. 664, 669-70 (N.D. Ill. 1970).

Defendants rely on *Daughtry v. Family Dollar Stores, Inc.*, 634 F. Supp. 2d 475, 481-82 (D. Del. 2009), in support of their argument that venue in the transferor court is improper under Title VII. However, because the parties in that case agreed that, under Title VII, venue in the transferor court was improper and venue in the transferee court was proper, the *Daughtry* court had no occasion to address the applicability of any of Title VII's venue provisions. *Id.* Therefore, the Court holds that *Daughtry* is inapposite to the case at hand.

Powell argues that pursuant to Title VII, venue is proper here because it is "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). The Court agrees.

In this case, a recruiter from Swedish American Hospital in Rockford, Illinois, which is located in this district, informed Powell that she was not offered a position based on statements

made by Dr. Allswede about Powell's performance. Plaintiff states that she would have worked for Swedish American Hospital in Rockford, Illinois but for the alleged unlawful employment practice of Dr. Allswede.

This case is distinguishable from *Gwin*, where the court held that venue was improper because plaintiff merely alleged a "hypothetical interest in the Chicago area" in that "he had expressed interest in positions for the computer division," which was "located in Chicago to some extent." 2001 WL 775969, at *2. Contrary to the plaintiff in *Gwin*, Powell's interest in a job in Rockford goes beyond a mere hypothetical one because she states that she indicated an interest in working for Swedish American Hospital, but its recruiter told her that she was not offered a position due to Dr. Allswede's statements about her performance. From these facts, it may reasonably be inferred that she had applied for a position there.

Therefore, this Court holds that plaintiff has sufficiently established that she would have worked in Rockford, Illinois but for the alleged unlawful employment practices of Dr. Allswede as the program director of the residency program at Sparrow Hospital. Accordingly, venue is proper in the transferor court under Title VII.

**B. Venue is Proper in the Transferee Court**

Clearly, venue is proper in Michigan. Pursuant to 42 U.S.C. § 2000e-5(f)(3), venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." As discussed in further detail below, venue is proper in Michigan because, at all times relevant to the instant complaint, that is where defendant Sparrow Hospital had its principal place of business, where the individual defendants in this case worked, where

4

the allegedly retaliatory conduct occurred and where the victim of the alleged retaliation resided. In sum, the Court finds that venue is also proper in the transferee court.

## C. Private Interest Factors

When evaluating the convenience of the parties and witnesses, courts consider: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *SPR, Inc. v. Fletcher*, No. 99 C 4141, 2000 WL 35772913, at *4 (N.D. Ill. Mar. 9, 2000).

### 1. Plaintiff's Choice of Forum and Situs of Material Events

"[P]laintiff's forum choice is normally given deference . . . ." *Pansophic Sys. Inc. v. Graphic Computer Serv., Inc.*, 736 F. Supp. 878, 880 (N.D. Ill. 1990). "A plaintiff's choice of forum is afforded less deference, however, when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events." *Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007); *see Tong v. Direct Trading Corp.*, No. 02 C 8331, 2003 WL 22282466, at *4 (N.D. Ill. Oct. 1, 2003) (affording plaintiff's choice of forum minimal weight even though she resided there because defendants' decisions, on which her race discrimination claim was based, occurred in another forum); *Kempf v. Mitsui Plastics, Inc.*, No. 95 C 4258, 1996 WL 31179, at *1 (N.D. Ill. Jan. 25, 1996) (giving plaintiff's choice of forum, in which she lived and worked, little deference because the unlawful employment practice was alleged to have occurred and the principal offices of defendants were located in another forum). Further,

5

plaintiff's choice of forum "is given less weight when the plaintiff is a non-resident of the chosen forum." *Countryman v. Stein, Roe & Farnham*, 681 F. Supp. 479, 482-83 (N.D. Ill. 1987).

Defendants argue, and the Court agrees, that plaintiff's choice of forum is entitled to very little, if any, weight because the alleged retaliatory and tortious conduct occurred in Michigan and Powell resides there. *See Doage v. Bd. of Regents*, 950 F. Supp. 258, 259-60 (N.D. Ill. 1997). According to the complaint, defendants conveyed false, negative information about the plaintiff while they were in Michigan. (Compl. ¶¶ 14-15, 18.) Although defendants' conduct is alleged to have interfered with plaintiff's employment opportunities in Champaign-Urbana and Rockford, Illinois, the tortious conduct occurred in Michigan and was directed toward plaintiff, who resided in Michigan. (*Id.* ¶¶ 16, 18.) In sum, Michigan is the site of the material events giving rise to the cause of action, and therefore, this factor weighs in favor of transfer.

**2. Sources of Proof**

The Court considers the relative ease of access to proof when assessing convenience. *Legent Clearing, LLC v. Balistreri,* No. 09 C 3662, 2009 WL 2567947, at *2 (N.D. Ill. Aug. 19, 2009). When documents are easily transferable, access to proof is a neutral factor. *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006).

The Court is satisfied that each party will be able to easily access necessary documents in either venue. Accordingly, this factor weighs neither in favor of, nor against, transfer.

**3. Convenience of the Parties and Witnesses**

When evaluating the convenience of the parties and witnesses the Court considers practical issues that "make trial of a case easy, expeditious, and inexpensive." *Buehler v. S & G Enters. Inc.*, No. 09 C 1396, 2009 WL 1543664, at *4 (N.D. Ill. June 2, 2009). Therefore, factors such as each party's respective residence, the court's subpoena power for unwilling witnesses and each party's cost of obtaining attendance of witnesses are considered. *Id.* Non-party witnesses are crucial to the analysis because they are not within any party's control. *Cont'l Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 WL 3055374, at *4 (N.D. Ill. Sept. 18, 2009). However, the transfer cannot merely shift the inconvenience from one party to another. *Buehler*, 2009 WL 1543664, at *4.

Defendants provide an affidavit stating that, besides the three defendants and other employees of Sparrow Hospital, the non-party keeper of telephone records is located in Lansing, Michigan. Powell has failed to provide any affidavit to rebut the statements made in defendant's affidavit. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293-94 (7th Cir. 1989) (requiring "affidavits, depositions, stipulations or any other type of document containing facts tending to establish who (specifically) it planned to call"); *Chem. Waste Mgmt., Inc. v. Sims,* 870 F. Supp. 870, 877 (N.D. Ill. 1994) (same). Thus, the Court considers one non-party witness located in Michigan.

Plaintiff opines, without any affidavits, depositions, stipulations or any other type of document, that non-party witnesses from Swedish American Hospital in Rockford and Carle Clinic in Champaign-Urbana are necessary and would be outside of the Michigan court's subpoena power. However, pursuant to Federal Rules of Civil Procedure Rule 45(b)(2)(B), any witness who resides in Champaign-Urbana is also outside of this Court's subpoena power.

Balancing all of the interests, litigating in either venue would mean that one party will have at least one witness that is outside the subpoena power of the court. Given that plaintiff, three defendants, custodians of Sparrow Hospital's records, and the non-party custodian of telephone records are located in or around Lansing, Michigan, and any witnesses residing in Champaign-Urbana will have to travel a significant distance whether the venue is this district or Michigan, the Court holds that defendants have met their burden in establishing that Western District of Michigan is more convenient for the parties and witnesses. Thus, these factors weigh in favor of transfer.

**D. Public Interest**

The factors of public interest include: "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Citadel Group Ltd. v. Washington Regional Med. Ctr.*, No. 07 C 1394, 2008 WL 5423553, at *6 (N.D. Ill. Dec. 29, 2008). The interest of justice "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Id*.

**1. Applicable Law**

This case presents both federal and state law. The Court's familiarity with the applicable federal law is a neutral factor that weighs neither for nor against a transfer because this Court and the Western District of Michigan are both familiar with the applicable law. *See Biomet, Inc. Stryker Howmedica Osteonics Corp.*, No. 03 C 6491, 2004 WL 769358, at *8 (N.D. Ill. Apr. 9, 2004).

Defendants argue that the Michigan courts are better suited to address that state's law.

(Mot. Dismiss 10.) While the defendants' argument does have some merit, this is not a significant factor. *Ginmar Corporate Promotions, Inc. v. Cardinal Health, Inc.*, No. 08 C 4109, 2008 WL 4905994, at *4 (N.D. Ill. Nov. 12, 2008). Federal courts sitting in diversity cases are accustomed to applying another state's laws. *Id. But see Methode Elecs., Inc. v. Delphi Auto. Sys. LLC*, 639 F. Supp. 2d 903, 911 (N.D. Ill. 2009) (stating that transferee district's greater familiarity with Michigan contract law favored transfer from this district). Therefore, this factor weighs neither in favor of, nor against, transfer.

**2. Expediency to Trial and Congestion of the Docket**

To assess the relative speed with which the case will be resolved, the Court looks to the Federal Court Management Statistics for "(1) the median months from filing to disposition and (2) the median months from filing to trial." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000). Defendants argue, and plaintiff does not dispute, that the speed to which this case will proceed to trial in the Northern District of Illinois compared to the Western District of Michigan is a neutral factor. (Mot. Dismiss 10-11.) The 2008 Judicial Caseload Profile states that the median time from filing to disposition in the Northern District of Illinois is 6.2 months and 8.4 months in the Western District of Michigan. (*Id.*) The median time from filing to trial was 27.5 months here and 29 months in the Western District of Michigan. *See* Admin. Office of the U.S. Courts, *Fed. Ct. Mgmt. Statistics* (2008), available through http://www.uscourts.gov/fcmstat/index.html. Therefore, this factor is neutral.

**3. Interest in Resolving the Controversy in Its Locale**

It is in the public's interest to have this case decided where it arose and to have the local

residents act as jurors for this case. *Doage*, 950 F. Supp. at 260-62. As discussed above, Michigan is where the case arose. Although plaintiff alleges that the defendants' conduct resulted in a loss of employment in Illinois, the operative facts giving rise to the claims involve defendants' conveying false, negative information about the plaintiff, who was and is a resident of Michigan, while defendants were in Michigan. (Compl. ¶¶ 14-15, 18.) As a result, there is a greater public interest in having the dispute resolved in the Western District of Michigan than in the Northern District of Illinois. This factor thus weighs in favor of transfer.

In sum, the balance of all of the factors favors transfer. Accordingly, the Court grants defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a).

### Conclusion

For the reasons provided in this opinion, the Court grants the motion to transfer venue [doc. no. 13] pursuant to 28 U.S.C. § 1404(a). The Court hereby orders the Clerk of the Court to transfer this case to the Western District of Michigan. Defendants' motions to dismiss and compel arbitration are still pending and may be addressed by the transferee court.

**SO ORDERED**                                                  **ENTERED: 2/12/10**

_____
**HON. RONALD A. GUZMAN**
**United States Judge**