UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE POWELL,

    Plaintiff,

v.

File No. 1:10-CV-206

HON. ROBERT HOLMES BELL

SPARROW HOSPITAL, DR. MATTHEW
ALLSWEDE, DR. HARRY WISE, and
DR. NANCY HERTA,

    Defendants.

_____/

## **O P I N I O N**

This action for retaliation, defamation, and intentional interference with prospective economic advantage is before the Court on Defendants' motion to dismiss the complaint and/or compel arbitration. (Dkt. No. 24.) For the reasons that follow, the motion will be granted.

**I.**

Plaintiff Nicole Powell was a resident in obstetrics and gynecology at Defendant Sparrow Hospital in Lansing, Michigan from July 2003 until June 2008. (Compl. ¶ 10.) During her residency, Plaintiff filed a formal complaint alleging pregnancy and gender discrimination. (Compl. ¶ 12.) Plaintiff alleges that after making her formal complaint, Defendants interfered with her post-residency job prospects by providing negative and false information regarding Plaintiff. (Compl. ¶¶ 14-15.) Plaintiff alleges that she was denied

employment on the basis of Defendants' negative and false statements. (Compl. ¶¶ 16, 18.) Plaintiff filed an EEOC charge alleging retaliation in violation of Title VII on September 11, 2008, and was issued a right to sue letter on May 11, 2009. (Compl. ¶¶ 19, 20.) Plaintiff filed this action in the United States District Court for the Northern District of Illinois on May 29, 2009. (Dkt. No. 1.) This action was transferred to this Court on February 26, 2010. (Dkt. Nos. 39, 41.)

## II.

Defendants have moved to dismiss this action and/or to compel arbitration. Defendants contend that this action is foreclosed by the arbitration requirement set forth in Plaintiff's Employment Agreement, and that it is also time-barred, because Plaintiff did not make a demand for arbitration within the 180-day limitations period.

Paragraph 15 of the January 22, 2007, Employment Agreement, which addresses arbitration of disputes, provides in pertinent part:

> 15. <u>Arbitration of Disputes</u>. All disputes hereunder that are not settled through the grievance procedure described in the House Staff Manual, including but not limited to, claims for breach of this Agreement, claims based on state or federal statutes, including civil rights claims under state and federal law, and claims based on common law, shall be resolved through arbitration. Arbitration shall be conducted according to the Michigan Court Rules and the rules for Resolution of Employment Disputes of the American Arbitration Association ("AAA"). In the event of a conflict between the Michigan Court Rules and AAA Rules, the Michigan Court Rules shall control. Arbitration shall be the parties' sole recourse for resolution of employment disputes arising under this Agreement. The party asserting the claim must initiate the arbitration by filing a written Demand for Arbitration (the "Demand") with both the regional office of AAA and the other party. This Demand shall be

2

> filed within one hundred eighty (180) days of the date the claim accrued or the claim shall be forever barred.

(Dkt. No. 25, Defs.' Br., Ex. A, ¶ 15.)

The Supreme Court has "long recognized and enforced a 'liberal federal policy favoring arbitration agreements.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). "[T]here is a general presumption of arbitrability, and any doubts are to be resolved in favor of arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 576-77 (6th Cir. 2003)). "If parties contract to resolve their disputes in arbitration rather than in the courts, a party may not renege on that contract absent the most extreme circumstances." *Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000). However, "[b]efore compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Masco*, 382 F.3d at 627 (quoting *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)).

Plaintiff contends that no valid agreement to arbitrate exists between the parties because the Employment Agreement expired before Defendants engaged in the allegedly unlawful actions, and because the arbitration provision is procedurally and substantively

3

unconscionable. The Employment Agreement specifies that its term is "one (1) year commencing Monday, February 12, 2007, for the 2007-2008 academic year." (Defs.' Br., Ex. A, ¶ 1.) Plaintiff's claims against Defendants stem from allegedly defamatory statements Defendants made about her in May or June 2008 and in September 2008. If the Employment Agreement expired on February 12, 2008, as Plaintiff contends, both of the defamatory statements were made after the Employment Agreement expired. Even if, as Defendants contend, the Employment Agreement expired at the end of the "academic year" in June 2008, at least one, and perhaps both, of the allegedly defamatory statements were made after the Employment Agreement had expired.

Although the duty to arbitrate is a duty created by contract, the duty "does not necessarily end when the contract is terminated." *Aspero v. Shearson Am. Exp., Inc.*, 768 F.2d 106, 108 (6th Cir. 1985). Under Michigan law, an employment arbitration agreement applies even if the claim arises after the termination of the employment relationship, so long as the claim arises out of the employment relationship:

> The timing of the tort, whether the statements were made during or after the claimant's employment, is relevant to whether the tort arose out of the employment relationship, but is not determinative. The more pertinent inquiry is whether the statements were made during communications of the sort that an employer would foreseeably make upon an employee's termination.

*Id.* (citation omitted); *see also Aspero*, 768 F.2d at 109 (holding that a broker's defamation claims against his former employer were subject to arbitration, even though the statements were made after he left his employment, because they arose out of his employment

4

relationship). It is foreseeable that prospective employers will check an employee's references. *See Fleck v. E.F. Hutton Group, Inc.*, 891 F.2d 1047, 1052 (2d Cir. 1989) (holding that tort claims concerning statements made after termination were subject to an employment arbitration agreement because the statements were made during communications that an employer would foreseeably make upon an employee's termination).

Plaintiff's claim that Defendants made "false statements about Plaintiff and the performance of her responsibilities during her residency," and gave "false and negative references" to her prospective employers (Compl. ¶¶ 16, 18, 26) are communications of the sort that a hospital employer would foreseeably make after the conclusion of a doctor's residency program, and are inextricably intertwined with her prior employment. Accordingly, the arbitration provisions govern Plaintiff's claims, notwithstanding the expiration of the Employment Agreement.

Plaintiff also contends that, even if the arbitration provision survives the expiration of the Employment Agreement, it is not enforceable because it is procedurally and substantively unconscionable.

"Under Michigan law, in order to invalidate a contract provision for unconscionability, a party must demonstrate that the provision is both procedurally and substantively unconscionable." *Pichey v. Ameritech Interactive Media Servs., Inc.*, 421 F. Supp.2d 1038, 1044-45 (W.D. Mich. 2006) (Bell, C.J.). "Procedural unconscionability arises when the weaker party to an agreement has little or no bargaining power and no realistic

5

alternative but to accept the terms of the agreement." *HRL Land or Sea Yachts v. Travel Supreme, Inc.*, No. 1:07-CV-945, 2009 WL 125845, at *7 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.). "Substantive unconscionability arises when the terms of the agreement are not substantively reasonable." *Id.* A term is substantively unreasonable when "'the inequity of the term is so extreme as to shock the conscience,'" but is not substantively unreasonable simply because "'it is foolish for one party and very advantageous to the other.'" *Id.* (quoting *Hubscher & Son, Inc. v. Storey*, 578 N.W.2d 701, 703 (Mich. Ct. App. 1998)).

Plaintiff contends that the arbitration provision is procedurally unconscionable because she had no bargaining power. The arbitration provision at issue is found in the Employment Agreement covering Plaintiff's fifth year of residency. Even if Plaintiff is correct in her assertion that she had no choice but to accept the initial placement at Sparrow Hospital pursuant to the National Registry Match Program ("NRMP") (Powell Aff. ¶ 11), she has not suggested that she was required to continue her residency at Sparrow Hospital after her first year of residency. (*See* Gifford Aff. ¶ 4.) Accordingly, contrary to Plaintiff's assertions, she was not "completely and utterly" lacking in bargaining power.

The Court also finds no merit to Plaintiff's contention that the arbitration provision is substantively unconscionable because the 180-day limitations period deprives her of her rights under Title VII. As noted by the Supreme Court, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Gilmer v. Interstate/Johnson*

*Lane Corp.*, 500 U.S. 20, 26 (1991). The Sixth Circuit has explicitly determined that Congress did not intend to exclude Title VII claims from arbitration. *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 509 (6th Cir. 2004). Because the arbitration agreement is not unconscionable, and because it continues to govern post-employment tort claims that arise out of the employment relationship, the Court concludes that "a valid agreement to arbitrate exists between the parties." *See Masco*, 382 F.3d at 627.

The Court's second inquiry is whether the specific dispute falls within the substantive scope of the agreement to arbitrate. *Id.* Under Michigan law, an employment arbitration agreement covers employment-related torts such as defamation, so long as the claim "involves significant aspects of the employment relationship" and its "resolution depends upon evaluation of a party's performance . . . during the time of the contractual relationship." *Kauffman v. The Chicago Corp.*, 466 N.W.2d 726, 729 (Mich. Ct. App. 1991). As noted above, resolution of Plaintiff's defamation claims is inextricably intertwined with her employment relationship.

Plaintiff contends, however, that even if the arbitration agreement governs her claims against Sparrow Hospital, the individual Defendants cannot compel arbitration because they are not parties or signatories to the Employment Agreement. Plaintiff's contention is not supported by the case law. Companies act through their employees. Accordingly, where claims against individual employees or owners of a company are identical to those against the company, the claims against the individuals are similarly governed by the agreement to arbitrate. *Burrows v. Bidigare/Bublys, Inc.*, 404 N.W.2d 650, 654 (Mich. Ct. App. 1987);

*Knepper v. Holley Dev. Co.*, No. 283668, 2009 WL 529867, at *2 (Mich. Ct. App. Mar. 3, 2009); *Foxworth v. Radio One, Inc.*, No. 240131, 2003 WL 22244073, at *2 (Mich. Ct. App. Sept. 30, 2003). "If the rule were otherwise, the right of a professional corporation to provide in a contract for settlement of contractual disputes by arbitration would be effectively damaged or destroyed. The opposing party would have the option of ignoring the arbitration requirement and suing in court the individual professionals of the corporation." *Burrows*, 404 N.W.2d at 654.

The Court concludes that Plaintiff's dispute with Defendants is arbitrable: there is a valid agreement to arbitrate and the dispute falls within the substantive scope of that agreement. *See Masco*, 382 F.3d at 627. The best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice. *See Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (affirming district court's dismissal of complaint "without prejudice to reinstatement should further proceedings be needed after arbitration"); *Saneii v. Robards*, 187 F. Supp. 2d 710, 713 (W.D. Ky. 2001) (dismissing complaint without prejudice in light of binding arbitration agreement); *Tanglewood Hospitality Venture, Inc. v. Ogle*, No. 3:05-CV-184, 2005 WL 2060769, *2 (E.D. Tenn. Aug. 25, 2005) (dismissing without prejudice to enable resolution of dispute by arbitration). Accordingly, the Court will dismiss Plaintiff's claims without prejudice so that she may pursue arbitration of her claims pursuant to the procedures outlined in the Employment Agreement.

Dated: July 23, 2010	/s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE